Lennox SMITH–STEWART, Petitioner–Appellant,

v.

Michael K. NALLEY, Warden, FCI Ray Brook, Respondent–Appellee.

No. 03–2380.

United States Court of Appeals, Second Circuit.

June 14, 2004.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Lennox Smith–Stewart, FCI Ray Brook, Ray Brook, New York, for Petitioner–Appellant.

Robert P. Storch, Assistant U.S. Attorney, Northern District of New York, Albany, New York, for Respondent–Appellee.

PRESENT: CALABRESI, WESLEY, Circuit Judges, and SCULLIN, District Judge.*

* The Honorable Frederick J. Scullin, Jr., Chief     Judge of the United States District Court for

SUMMARY ORDER

Lennox Smith–Stewart, an inmate at the Federal Correctional Institution in Ray Brook, New York, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Northern District of New York. In his habeas petition, Smith–Stewart stated that he was convicted of various crimes in the United States District Court for the Eastern District of Louisiana, and sentenced to 181 months' imprisonment. He alleged that the Louisiana district court had improperly denied his requests for appointment of counsel, forcing him to proceed *pro se* at trial. According to petitioner, his convictions were affirmed by the United States Court of Appeals for the Fifth Circuit, and his petition for a writ of certiorari was denied by the United States Supreme Court. Smith–Stewart then apparently filed a motion to vacate his convictions pursuant to 28 U.S.C. § 2255, which was denied, as was his application for a certificate of appealability. Finally, Smith–Stewart stated that he subsequently filed a petition for a writ of habeas corpus in the United States District Court for the Eastern District of New York, which that court treated as a § 2255 motion and transferred to the Fifth Circuit, which allegedly denied petitioner leave to pursue a second or successive § 2255 motion.

Section 2255 provides that a petition filed under its provisions "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. The district court held that Smith–Stewart failed to establish the inadequacy or inef-

fectiveness of § 2255 to address the legality of his federal convictions and sentence. We agree.

We have considered all of Smith–Stewart's arguments and find them to be without merit. Accordingly, substantially for the reasons stated by the district court, we AFFIRM the denial of his petition for a writ of habeas corpus.